UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALEJANDRO MEDINA and ADAM
FURMAN, *Individually and on Behalf of All
Others Similarly Situated,*

                *Plaintiffs*,

     -against-

TREMOR VIDEO, INC., WILLIAM DAY,
TODD SLOAN, LAURA DESMOND,
RANDAL GLEIN, RACHEL LAM,
WARREN LEE, JAMES ROSSMAN,
ROBERT SCHECHTER, CREDIT SUISSE
SECURITIES (USA) LLC, JEFFERIES LLC,
CANACCORD GENUITY INC. and
OPPENHEIMER & CO. INC.,

                *Defendants*.
------------------------------------------------------------------X

13-cv-8364 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

     Plaintiffs Alejandro Medina and Adam Furman (collectively, "Plaintiffs") bring this securities class action against Tremor Video, Inc., an online video advertisement network provider; Tremor Video's executives, William Day, Todd Sloan, Laura Desmond, Randal Glein, Rachel Lam, Warren Lee, James Rossman, and Robery Schechter; and Tremor Video's underwriters, Credit Suisse Securities (USA) LLC, Jefferies LLC, Canaccord Genuity Inc., and Oppenheimer & Co. Inc. (collectively, "Defendants").

     On April 3, 2013, Defendants filed a Form S-1 Registration Statement with the Securities Exchange Commission ("SEC"). Am. Compl. ¶ 28. After several revisions, the SEC declared the Registration Statement effective on June 26, 2013. *Id.* at ¶ 29-30. Defendants filed their prospectus on June 27, 2013, and issued 7.5 million common shares at $10 per share. *Id.* at ¶ 31.

     Lead Plaintiffs Medina and Furman purchased common stock, traceable to Defendants' initial public offering ("IPO") on June 27, 2013. *Id.* at ¶ 5. On November 7, 2013, Defendants

1

issued a press release on their results for the third quarter of 2013; the results were not good and Defendants reduced their revenue forecast for the 2013 year. *Id.* at ¶ 52. Market analysts issued negative reports and stock prices fell. *Id.* at ¶¶ 62-63. Within two weeks, Plaintiffs commenced this action claiming Defendants' IPO Registration Statement contained material errors and omissions in violation of §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77o.

Plaintiffs' claims focus on three alleged omissions or misstatements of material facts:

(1) that two television networks—NBCUniversal and ABC—had not yet purchased their upfront advertisements by Defendants' IPO and were, therefore, two weeks behind their 2012 purchasing schedule, Am. Compl. ¶ 38;

(2) that Defendants' customers were increasingly resistant to performance-based pricing and were trending towards "lower margin demographic-based pricing," *id.* at ¶ 45; and

(3) that Defendants "lacked sufficient programmatic video offerings and, therefore, were losing such sales to competitions," *id.* at ¶ 46.

These three allegations are based on comments made by Defendants' during their November 7, 2013 press release and conference call explaining the third quarter losses. *Id.* at ¶¶ 52-63. Plaintiffs' theory appears to be that what was disclosed in November 2013 was known earlier and should have been disclosed in the June 2013 Registration Statement.

Defendants now move to dismiss the suit for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons below, Defendants' motion is GRANTED.

## DISCUSSION

### I. Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is required when a complaint fails to allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must "assume the[] veracity" of all well-pleaded factual allegations contained in the complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and can consider materials incorporated into the complaint by reference and other matters subject to judicial notice. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2001). However, a complaint that merely contains labels and conclusions or formulaic recitations of the elements of the claim is insufficient and not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

## II. Analysis

### A. Section 11 of the Securities Act

Plaintiffs claim that Defendants' Registration Statement violates § 11 of the Securities Act because it "omit[s] to state [] material fact[s] required to be stated therein" and "contain[s] [] untrue statement[s] of [] material fact[s]." 15 U.S.C. §§ 77k. Plaintiffs' conclusory complaint fails to allege sufficient facts to support a plausible inference of any violation.

### 1. Plaintiffs fail to adequately allege that Defendants omitted material trends or uncertainties

Plaintiffs argue Defendants were aware of three material trends or uncertainties and failed to disclose them in their Registration Statement, as required under Item 303 of SEC Regulation S-K. 17 C.F.R. § 229.303(a)(3)(ii) (requiring the disclosure of "any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations").

3

First, Plaintiffs argue that since the five major television networks typically finish purchasing their upfront advertisements by "early to mid-June," NBCUniversal's and ABC's two-week delay was a known material trend or uncertainty that Defendants failed to disclose. Am. Compl. ¶ 38.

Even if Defendants were aware of this delay, Plaintiffs fail to allege sufficient facts to enable the Court to plausibly infer that the delay was a trend or uncertainty under Item 303. *See In re Noah Educ. Holdings, Ltd. Sec. Litig.*, 2010 WL 1372709, at *6 (S.D.N.Y. Mar. 31, 2010) (allegations concerning a two month spike in costs did not create "a plausible inference that [the spike in costs] was a trend rather than an isolated event"); *see also Blackmoss Invs. Inc. v. ACA Capital holdings, Inc.*, 2010 WL 148617, at *10 (S.D.N.Y. Jan 14, 2010) ("As a matter of law, a two[-]month period of time does not establish a 'trend' for purposes of the disclosures required by Item 303."). Plaintiffs' assertion that the delay was a trend or uncertainty is undercut by the annual variations in the timing of all five networks' upfront advertisement purchases: NBCUniversal and ABC were two weeks behind their 2012 positions, but ABC, CW, and Fox were ahead of their 2012 positions. It is not plausible to suggest Defendants could draw any conclusions about this delay or that the delay amounted to a trend or uncertainty.

Plaintiffs also fail to allege facts demonstrating that this two-week delay was in any way material. *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir. 2000) (defining materiality as "a statement or omission that a reasonable investor would have considered significant in making investment decisions"). The complaint makes a single, fleeting reference to materiality, speculating "that Tremor customers might be delayed in their purchases due to the fact that NBCUniversal and ABC had not completed their upfront ad sales." Am. Compl. ¶ 41. The complaint alleges no facts indicating that Defendants, prior to the June 2013 IPO, knew the

then-two-week delay would eventually last six weeks and would somehow adversely affect Defendants' business. Since materiality is an "inherently fact-specific finding," *Basic Inc. v. Levinson*, 485 U.S. 224, 236 (1988), Plaintiffs' speculation is insufficient to permit the Court to plausibly infer that a reasonable investor would have considered the two-week delay significant. *Cf. Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 121 (2d Cir. 2012) (allegations that the defendant received increasing complaints about product defects, relating to 72% of the defendant's business, were material because they permitted the court to plausibly infer that the defendant would have to replace a large number of its products and that it had jeopardized its relationship with its clients).

Plaintiffs' second theory of liability is that Defendants' customers were increasingly resistant to performance-based pricing and were trending towards "lower margin demographic-based pricing" and that this was material since it "could lead to lower profit margins for Tremor." Am. Compl. ¶ 45. Here, Plaintiffs speculate that Defendants were likely aware of this trend because they "would have been engaged in sales negotiations with customers." Defs.' Mem. in Opp. 16. The complaint is, however, devoid of any factual allegations raising the claim "above the speculative level." *See Twombly*, 550 U.S. at 555.

Plaintiffs also argue that the Court can infer Defendants' knowledge in June 2013 because four months later the trend was used to explain the loss. Defs.' Mem. in Opp. 16. But knowledge on day-120 does not mean Defendants' "knew" or "must have known" on day-1. Plaintiffs' reliance on *McKenna v. SMART Techs. Inc.*, 2012 WL 3589655 (S.D.N.Y. Aug. 21, 2012) is misplaced. There, internal allegations, indicating a change in demand prior to the IPO, coupled with a formal disclosure of the decline in demand five months after the IPO, led the court to plausibly infer that the defendant was aware of the change in demand and failed to

disclose it in its Registration Statement. *Id.* at *4-6. The *McKenna* complaint detailed "the employees' roles, why those employees would have access to the . . . internal reports and information about decreased demand, and identifies the reports containing the information contrary to the picture of increasing demand portrayed in the Offering Documents." *Id.* at *5. There were no such facts alleged here which could support an inference that Defendants were aware of the trend or uncertainty.

Finally, Plaintiffs claim Defendants "lacked sufficient programmatic video offerings and, therefore, were losing such sales to competitions." Am. Compl. ¶ 46. Further, Plaintiffs claim this was "material information that was required to be disclosed in the Registration Statement, but was not." *Id.* This two sentence conclusory allegation, unsupported by any factual allegations, is plainly insufficient to give rise to any inferences that Defendants' lack of programmatic offerings was a known material trend or uncertainty.

## 2. Even if Plaintiffs' complaint adequately alleges material trends or uncertainties, the statements are not actionable

Even accepting the existence and materiality of the three above-mentioned trends or uncertainties, Plaintiffs' compliant must be dismissed because the allegedly untrue or misleading statements constitute either forward-looking statements or historical statements, neither of which give rise to a plausible inference that Defendants violated § 11 of the Securities Act.

Plaintiffs' complaint cites to forward-looking statements that, when accompanied by adequate cautionary language, bespeak caution. *See* Am Compl. ¶ 47 (citing excerpts from Defendants' Registration Statement with the following forward-looking language: "[w]e believe our market opportunity and growth prospects will be enhanced" and "we expect brand advertisers to devote . . . ."); *see also Slayton v. Am. Exp. Co.*, 604 F.3d 758, 769 (2d Cir. 2010)

6

(identifying phrases such as "we expect" or "we believe" as forward looking statements).

Defendants' Registration Statement contained the following "Special Note Regarding Forward-Looking Statements":

> Although we believe that we have a reasonable basis for each forward-looking statement contained in this prospectus, we caution you that these statements are based on a combination of facts and factors currently known by us and our expectations of the future, about which we cannot be certain . . . . As a result of these factors, we cannot assure you that the forward-looking statements in this prospectus will prove to be accurate. Furthermore, if our forward-looking statements prove to be inaccurate, the inaccuracy may be material.

Blair Decl., Ex. A 43-44. Furthermore, Defendants use cautionary language directly addressing the three risks cited by Plaintiff above. *Id.* at 19-20 ("Our advertisers' usage may decline or fluctuate as a result of a number of factors, including . . . seasonal patterns in advertisers' spending"); *id.* at 21 ("The market for performance-based advertising solutions is evolving and has not yet been widely adopted by brand advertisers . . . . and such advertisers may be reluctant or slow to adopt performance-based pricing solutions"); *id.* at 18 ("If new technologies emerge that are able to deliver video advertising solutions at lower prices or more efficiently or effectively than our solutions, such technologies could adversely impact our ability to compete. For example, if we fail to achieve success with a programmatic media buying solution . . . our business and growth prospects could be harmed"). Defendants' Registration Statement, which contained forward-looking statements accompanied by both general cautionary language and "cautionary language address[ing] the relevant risk[s] directly," *Halperin v. eBanker USA.com, Inc.*, 295 F.3d 352, 360 (2d Cir. 2002), renders Plaintiffs' allegations implausible on their face. *See Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 5 (2d Cir. 1996) ("[T]he prospectuses when read in their entirety are not overly sanguine but instead bespeak caution . . . . [since] [t]he

assurances were balanced by extensive cautionary language . . . . [and] warn investors of exactly the risk the plaintiffs claim was not disclosed" (internal citation omitted)).

Moreover, Plaintiffs' claim that the Registration Statement inaccurately depicted Defendants' business in a positive light fails since the complaint relies exclusively on "non-actionable accurate statements of historical fact." *See In re Initial Public Offering Secs. Litig.*, 358 F. Supp. 2d 189, 210 (S.D.N.Y. 2004); *see* Am. Compl. ¶¶ 47-50 (citing excerpts from Defendants' Registration Statement that accurately depict Defendants' past success).

### B. Section 15 of the Securities Act

Since Plaintiffs fail to allege facts sufficient to support a plausible inference that Defendants violated § 11 of the Securities Act, Plaintiffs' § 15 claim must also be dismissed. *See ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 207 (2d Cir. 2009) ("[H]aving found that Plaintiffs failed to state a claim under . . . section 11 of the Securities Act, their control person liability claim pursuant to section 15 of the Securities Act . . . must also fail for want of a primary violation").

## CONCLUSION

For the reasons above, Plaintiffs fail to adequately state a claim upon which relief under §§ 11 and 15 of the Securities Act can be granted. Fed. R. Civ. P. 12(b)(6). Accordingly, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
       March 5, 2015

SO ORDERED

*Paul Crotty*  
PAUL A. CROTTY  
United States District Judge