USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ALEJANDRO MEDINA and ADAM :
FURMAN, *Individually and on Behalf of All* :
*Others Similarly Situated,* : 13-cv-8364 (PAC)
:
*Plaintiffs,* :
:
-against- :
:
TREMOR VIDEO, INC., WILLIAM DAY, :
TODD SLOAN, LAURA DESMOND, : **OPINION & ORDER**
RANDAL GLEIN, RACHEL LAM, :
WARREN LEE, JAMES ROSSMAN, :
ROBERT SCHECHTER, CREDIT SUISSE :
SECURITIES (USA) LLC, JEFFERIES LLC, :
CANACCORD GENUITY INC. and :
OPPENHEIMER & CO. INC., :
:
*Defendants.* :
:
------------------------------------------------------------------X
HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Alejandro Medina and Adam Furman (collectively, "Plaintiffs") bring this securities class action against Tremor Video, Inc., an online video advertisement network provider; Tremor Video's executives, William Day, Todd Sloan, Laura Desmond, Randal Glein, Rachel Lam, Warren Lee, James Rossman, and Robery Schechter; and Tremor Video's underwriters, Credit Suisse Securities (USA) LLC, Jefferies LLC, Canaccord Genuity Inc., and Oppenheimer & Co. Inc. (collectively, "Defendants").

Plaintiffs' complaint alleged that Defendants' IPO registration statement contained material errors and omissions in violation of §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o. Specifically, Plaintiffs claimed that the registration statement either failed to disclose or misstated the following three alleged "material facts": (1) that two television networks were two weeks behind their upfront advertisements purchasing schedule; (2) that

1

customers were trending away from performance-based pricing and towards demographic-based pricing; and (3) that Defendants lacked sufficient programmatic video offerings. *See* 17 C.F.R. § 229.303(a)(3)(ii) (requiring the disclosure of "any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations").

On March 5, 2015, the Court granted Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' claims under §§ 11 and 15 of the Securities Act. *Medina v. Tremor Video, Inc.*, No. 13 Civ. 8364 (PAC), 2015 WL 1000011 (S.D.N.Y. Mar. 5, 2015). The Court held that Plaintiffs' complaint failed to plausibly plead the existence and materiality of the three above-mentioned alleged trends. *Id.* at *2. In addition, the Court held that Defendants' statements were not actionable since they were either forward-looking statements or historical statements. *Id.* at *3.

On April 7, 2015, Plaintiffs moved to either amend the judgement under Fed. R. Civ. P. 59(e) or vacate the judgment under Fed. R. Civ. P. 60(b), and sought leave to amend their complaint under Fed. R. Civ. P. 15(a)(2). For the reasons below, Plaintiffs' motion is DENIED.

## DISCUSSION

### I. Legal Standard

Before a party can amend its complaint post-judgment under Rule 15(a)(2), it "must first have the judgment vacated or set aside pursuant to [Rule] 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *see also Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint.").

Under Rule 59(e), the Court can amend the judgment if "there is [an] intervening change in

controlling law, new evidence not previously available comes to light, or it becomes necessary to remedy clear error of law or to prevent obvious injustice." *Grubb v. Barnhart*, No. 98 Civ. 9032 (RPP), 2004 WL 405933, at *1 (S.D.N.Y. Mar. 3, 2004). "The standards for granting a motion to reconsider under Rule 59(e) are strict: [r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Berman v. Morgan Keegan & Co., Inc.*, No. 10 Civ. 5866 (PKC), 2011 WL 2419886, at *1 (S.D.N.Y. June 3, 2011) (internal quotation marks and citation omitted).

Under Rule 60(b), the Court can vacate the judgment for, *inter alia*, "mistake" or "newly discovered evidence." Fed. R. Civ. P. 60(b). Rule 60(b) provides "extraordinary judicial relief [and] is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

## II. Analysis

Plaintiffs move to amend or vacate the judgment based on the Supreme Court's recent decision in *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. ——, 135 S. Ct. 1318 (Mar. 24, 2015). Further, since leave to amend is to be freely given under Rule 15, Plaintiffs argue that the Court should permit Plaintiffs to amend their complaint post-judgment. These arguments lack merit.

*Omnicare* addresses the relationship between statements of opinion[1] and liability under § 11 of the Securities Act. The Supreme Court held that statements of opinion are ordinarily not

---

[1] Mirroring language used in Defendants' registration statement, the Court referred to "statements of opinion" as "forward looking statements" in its March 5, 2015 order. For present purposes, no practical difference exists between the two terms.

actionable since "a sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong." *Omnicare*, 135 S. Ct. at 1327. Such statements may become actionable, however, "if a registration statement omits material facts about the issuer's inquiry into or knowledge concerning a statement of opinion, and if those facts conflict with what a reasonable investor would take from the statement itself." *Id.* at 1329. After *Omnicare*, a plaintiff seeking to demonstrate that a sincere statement of pure opinion violates § 11 of the Securities Act must: (1) "identify[] [in its complaint] one or more facts left out of [the issuer's] registration statement"; (2) show that the "omitted fact would have been material to a reasonable investor"; (3) show that the omission renders the opinion misleading to a reasonable investor; and (4) consider the "statement's context," taking account of "any [] hedges, disclaimers, or qualifications [the issuer] included in its registration statement." *Id.* at 1333.

While *Omnicare* requires a new analysis when considering statements of opinion under § 11 of the Securities Act, it does not require the Court to reach a different result from its March 5, 2015 dismissal. In fact, since *Omnicare* requires the Court to consider each "statement's context," it reaffirms the dismissal of Plaintiffs' suit. Defendants' registration statement contained "hedges, disclaimers, and qualifications" addressing the risks associated with each statement of opinion used, specifically cautioning investors about the three above-mentioned alleged trends. For the reasons outlined in the Court's March 5, 2015 order, these cautionary statements render Defendants' statements of opinion not actionable under § 11 of the Securities Act.

Next, while Rule 15(a)(2) directs the Court to "freely give leave" to amend a complaint when "justice so requires," this "liberality must be tempered by considerations of finality" when

4

leave is post post-judgment. *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011); *see also id.* ("The standards we have developed for evaluating post[-]judgment motions generally place significant emphasis on the 'value of finality and repose.'" (quoting *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986))). Considerations of finality do not, however, absolutely preclude post-judgment amendments; courts are advised to nevertheless "take into account the nature of the proposed amendment," *Ruotolo*, 541 F.3d at 191, and provide reasons if leave to amend is denied. *Cf. Foman v. Davis*, 371 U.S. 178 (1962) (ruling that a court's outright refusal to permit a plaintiff to amend its complaint post-judgment was an abuse of discretion). Here, Plaintiffs' proposed amendments would be futile because even if the Court allowed Plaintiffs to amend their pleadings, and even if Plaintiffs' proposed amendments plausibly alleged the existence of material trends, Defendants' registration statement contained adequate cautionary language, rendering Defendants' statements not actionable under § 11 of the Securities Act.

Accordingly, since Plaintiffs fail to demonstrate why the Court's judgment should be amended or vacated, and since Plaintiffs' proposed amendments to their complaint would be futile, the Court DENIES Plaintiffs' motion.

## CONCLUSION

For the reasons above, Plaintiffs' motion to amend the judgment under Rule 59(e) or vacate the judgment under Rule 60(b) is DENIED. Leave to amend Plaintiffs' complaint under Rule 15(a)(2) is also DENIED.

Dated: New York, New York
       June 5, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

5